**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

**LISA BELCHER,**

**Plaintiff**

**Case No.:** 7:25-cv-81-REW

**vs.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY *f/k/a* LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**

---

# COMPLAINT

---

COMES NOW the Plaintiff, Lisa Belcher (hereinafter "**Plaintiff**" or "**Ms. Belcher**"), by and through her attorneys, and for her Complaint against Defendant The Lincoln National Life Insurance Company, *f/k/a* Lincoln Life Assurance Company of Boston (hereinafter "**Defendant**" or "**Lincoln**"), states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Toyota Motor Engineering & Manufacturing North America, Inc.'s Long Term Disability Plan and corresponding insurance policy (**Policy No.: GF3-860-066619-01**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and

is) underwritten, administered, and/or managed by Lincoln for the benefit of certain employees of Toyota Motor Engineering & Manufacturing North America, Inc. (hereinafter "**Toyota**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e*., administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Lincoln Claim No. 13332203**.

3. Venue is proper in the Eastern District of Kentucky, under 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. At all times relevant hereto, Ms. Belcher was an "employee" of Toyota, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to her established disability, she ceased working at Toyota on or about 5/5/2022.

5. At all times relevant hereto, Toyota was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

6. At all times relevant hereto, Defendant was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of

any benefits, and thus it is alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used by the Court.

7. At all times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder Toyota.

8. Under the Plan, Toyota delegated or assigned to Defendant Lincoln the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

9. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

10. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

11. The Policy provides that " '**Disability**' or '**Disabled**' means: 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft: i. that during the Elimination Period and the next **24 months** of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his **Own Occupation**; and ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of **Any Occupation**." In turn, " '**Any Occupation**' means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity."

## STATEMENT OF FACTS

12. Plaintiff realleges and reavers paragraphs 1 through 11 of the Complaint, incorporating them by reference herein as if specifically restated.

13. Ms. Belcher is currently fifty-two (52) years old, and her date of birth is in August of 1973. She resides in Varney, Kentucky.

14. Ms. Belcher worked for Toyota as Production Team Leader (Paint Dept.), with annual wages/compensation of approximately $67,621.00.

15. However, as stated, due to her established disability, she ceased working at Toyota on or about 5/5/2022.

16. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: carpal tunnel syndrome – bilateral -- and resulting surgery(-ies); chronic intractable migraines without aura; cervical disc disorder; cervical spine fusion, cervicalgia; cervical spondylosis; neck pain; lumbar radiculopathy; degeneration of lumbar intervertebral disc(s); low back pain; myofascial pain, fibromyalgia; arthritis; small fiber neuropathy; Lyme disease (diagnosed 2016); hearing problems; traumatic brain injury; gastroesophageal reflux disease (GERD); hypothyroidism; and hypertension. Given her multifactorial medical conditions, Ms. Belcher reports that humidity will make her sick to her stomach. In general, she does not do well in any environment (including a potential work environment) that has significant levels of heat or humidity. Even though her migraine-related medications (including Topiramate, Qulipta, Botox) may have reduced her serious migraines to three (3) times per month (not counting additional light headaches), disproportionate heat or humidity can bring on a migraine regardless of her medications. Any environment above 55% humidity is, simply put, a "non-starter." At the same time, without her medications, Ms.

Belcher has known the significant migraines to occur at least three (3) times per week accompanied by a constant headache on some level. Once a migraine begins, she finds that she is incapacitated for the rest of the day. That is, she is unable to do anything other than sleep in a dark room due to the pain.

17. After she could no longer perform her work for Toyota, and based on her employment there, Ms. Belcher was eligible and applied for short-term disability ("STD") benefits, upon information and belief through Lincoln. STD benefits were awarded from May, 2022 through November, 2022.

18. After that, her medical condition not having improved, Ms. Belcher was eligible and applied for LTD benefits through Lincoln. Ms. Belcher was initially denied LTD benefits by Lincoln under the Own (Regular) Occupation Policy definition of disability (s*ee*, 12/20/2022 denial letter). Ms. Belcher was able to successfully appeal that decision, and LTD benefits began effective on or about 11/11/2022.

19. Yet, Ms. Belcher was later notified by Lincoln via letter dated 2/11/2025 that it would no longer be paying LTD benefits, and that LTD benefits had in fact ceased as of 12/10/2024.

20. Despite due appeal(s) by or on behalf of Plaintiff, Lincoln has continued to deny any further LTD benefits. The final denial letter was dated 10/10/2025.

21. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

24. Also, Ms. Belcher has been found to qualify for Social Security disability (SSD) benefits by the Social Security Administration (*see*, SSA Notice of Award dated 4/6/2024, with onset date 5/6/2022). This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

25. Under any ERISA standard of review that may apply, the position taken by Lincoln in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The "Any Occupation" review, analysis, and decision by Lincoln were wrong, as well as arbitrary and capricious, under the circumstances presented.[1]

26. Further, Lincoln's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

27. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

28. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a

[1] Beyond this, Plaintiff respectfully reserves all points and arguments regarding the proper standard of review herein pursuant to *Firestone v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989) and its progeny.

loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I - ERISA/Statutory Claims

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

30. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits; and/or clarification/declaration/enforcement of rights and benefits; brought pursuant to 29 U.S.C. §§ 1001, et seq., in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C. That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as

any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ K. Cody Allison
K. Cody Allison, KY Bar No. 97985
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com

ATTORNEYS FOR PLAINTIFF

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.