UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **LISA BELCHER,** | ) | |
| | ) | |
| *Plaintiff* | ) | **CV No. 6:26-cv-00052-REW-EBA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

COMES NOW the Plaintiff/Counterclaim Defendant, Lisa Belcher ("Plaintiff" or "Ms. Belcher"), by and through her attorneys, and for her Answer to the Counterclaim filed by Defendant/Counterclaim Plaintiff The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") states as follows:

1. In response to the numbered para. 1 in said Counterclaim, Plaintiff admits that Defendant has filed a Counterclaim against her seeking damages resulting from an alleged breach of contract resulting from Plaintiff's alleged failure to reimburse Defendant in accordance with the terms of the Plan at issue[1], seeking a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Defendant or the Social Security Administration ("SSA") currently in the possession of Plaintiff; as well as seeking recovery from Plaintiff based on alleged unjust enrichment by virtue of Plaintiff's retention of benefits from

[1] The Plan at issue consists of Toyota Motor Engineering & Manufacturing North America, Inc.'s Long Term Disability Plan and corresponding insurance policy (Policy No.: GF3-860-066619-01) (hereinafter the "(LTD) Plan" and the "Policy," respectively).

SSA that she is allegedly obligated to repay to Defendant. Plaintiff admits she was awarded certain retroactive disability benefits from SSA, this coming as a result of a finding that she was disabled for purposes of the federal Social Security Act. Plaintiff denies that Defendant is entitled to recover any damages from her, nor is it entitled to a constructive trust or other equitable relief or attorney fees, pursuant to 29 U.S.C. § 1132(a)(1)(B) or otherwise. To the extent that the allegations in Defendant's Counterclaim refer to or rely upon the Plan/Policy at issue, the documents comprising same speak for themselves and are the best evidence of their contents. To the extent that Defendant's allegations are inconsistent with or mischaracterize the Plan/Policy and/or omit other relevant provision(s) of such Plan/Policy, they are denied. Further, to the extent that any allegations in Defendant's Counterclaim constitute legal conclusions, Plaintiff is not required to answer such allegations. Plaintiff denies any and all remaining allegations contained in Defendant's Counterclaim not explicitly admitted herein.

2. Plaintiff denies that Defendant is entitled to any of the relief requested in its Counterclaim Prayer. In particular, but without limitation, Plaintiff denies the request that the Court enter judgment that she recover nothing by this action (*i.e.*, as pled by Plaintiff in her original Complaint);

3. Further, Plaintiff asserts the following defenses (without any admission that such defenses are affirmative defenses for which she would have the burden of proof):

a. Defendant's Counterclaim fails to state a claim upon which relief can be granted.

b. To the extent the facts and circumstances as developed in this matter support such a defense, Plaintiff reserves the right to rely on the defense that Defendant's claims are barred in whole or part by limitations provisions, if any, contained in the Plan/Policy; and/or or the applicable statute of limitations.

c. Assuming that Defendant were entitled to any form of judgment against her for, or based upon, overpayment of certain disability benefits to her by Defendant (which is denied), that amount should be offset by, or set off against, all LTD benefits to which Plaintiff was entitled but is still owed; *i.e.*, offset by, or set off against, the still-outstanding LTD payments for which Plaintiff has sued by virtue of her original Complaint.

WHEREFORE, with respect to Defendant's Counterclaim, Plaintiff respectfully requests that the Court deny the relief sought by Defendant; enter judgment on her behalf on Defendant's Counterclaim; dismiss same with prejudice; award to Plaintiff her attorney's fees and costs of action pursuant to 29 U.S.C. § 1132(g); and award Plaintiff any such other or different relief as it deems just and proper.

**CODY ALLISON & ASSOCIATES, PLLC**

*/s/ Samuel D. Payne*
K. Cody Allison, KBA #97985
Samuel D. Payne, TN Bar #19211
(*admitted *pro hac vice*)
CODY ALLISON & ASSOCIATES, PLLC
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: 615-234-6000
Facsimile: 615-727-0175
cody@codyallison.com
sam@codyallison.com

*Attorneys for Plaintiff/Counter-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this **5th** day of **February, 2026**, it is anticipated that a true and exact copy of the foregoing will be served via the Court's CM/ECF system on:

Iwana Rademaekers, Esq.
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
iwana@rademaekerslaw.com

*/s/ Samuel D. Payne*
Samuel D. Payne, Esq.